Oldham, J, delivered the opinion of the court. Ilensley was indicted by the grand jury of Searcy county, for a violation of the 2d sec. of the 148th ch. Rev. Stat, concerning “ Taverns and Groceries.” The act prohibits the keeping of any tavern or grocery for the retail of vinous or ardent spirits, by quantities less than one quart, unless the person shall first obtain a license from the county court of his county. The indictment, in this case, charges that the defendant “did keep a grocery for the retail of ardent spirits, and did retail ardent spirits to Josiah Lane by less quantities than one quart, without first having procured a license,” &c. The indictment does not sufficiently charge any offence against the statute. The 2d sec. of the statute enacts that, “no person shall keep any tavern or grocery for the retail of vinous or ardent spirits by quantities less than one quart, unless he shall first obtain a license from the county court' of his county, authorizing him to exercise the privilege of a tavern keeper or grocery keeper.” The offence consists in keeping a tavern or grocery for the retail of vinous or ardent spirits in quantities less than one quart. The indictment charges that the defendant did keep a grocery for the retail of ardent spirits and clid retail to Josiah Lane by quantities less than one quart. This allegation is not equivalent to keeping a grocery for the retail of ardent spirits by quantities less than one quart. The offence consists in keeping the grocery and the purpose for which it is kept, and it is essential to the validity of the indictment that the charges contained in it should be co-extensive wifh the prohibition of the statute; and the proof, to authorize a conviction, should be as extensive as the charge itself. The allegation that the defendant did retail spirits to Josiah Lane by quantities less than one quart, does not supply the defect in the indictment, but might if proven, be sufficient evidence to authorize a jury to infer for what purpose the grocery was kept. To constitute a good and valid indictment, it should expressly charge, 1st., That the defendant did keep a tavern or grocery (as the case may be:) 2d, for the retail of vinouá or ardent spirits (as the case may be) in quantities less than one quart, and 3d, without having first obtained a license from the county court of his county, authorizing him to exercise the privilege, of a tavern or grocery keeper. The indictment does not sufficiently charge the defendant with a violation of the statute, and consequently the judgment of the circuit court must be reversed.